CHARLES EUBANK *v.* HAROLD D. PRICE, *Clerk, etc.*

(No. 8765)

Submitted May 11, 1938.   Decided May 24, 1938.

*Daugherty & Daugherty,* for relator.

*T. L. Read* and *E. C. Eagle,* for respondent.

FOX, JUDGE:

This is a proceeding in mandamus under the original jurisdiction of this Court.

From the allegations of the petition, it appears that Lillie Nunally, the aunt of the petitioner, was a former resident of Summers County, West Virginia, and the

owner of real estate in that county, which she attempted to devise by her will; that early in the year 1931, she removed to Huntington, in Cabell County, and, until her death in September, 1931, was a *bona fide* and legal resident of that county; that prior to the year of her removal from Summers County, on December 4, 1928, she executed a will, to which she added a codicil on February 11, 1929, which will and codicil were, as appears from the answer of the respondent, admitted to probate by the county court of Summers County on September 23, 1931; that on July 20, 1931, she executed a paper, alleged to be a will, purporting to devise real estate in Summers County, and this paper was admitted to probate in the county court of Cabell County on the 27th day of May, 1937; and that recordation of a certified copy thereof was refused by the clerk of the county court of Summers County, the respondent herein, when the same was presented to him for that purpose. Petitioner seeks to compel the recordation of the paper so presented.

The respondent clerk defends his action in refusing to admit to record the paper probated as a will in Cabell County, on the ground that the county court of that county did not have jurisdiction to admit to probate any will of Lillie Nunally, for the reason that her domicile was, at the date of her death, in Summers County; that the county court of that county had, on September 23, 1931, admitted to probate the will of Lillie Nunally; that probate of the alleged will of July 20, 1931, had been sought in the county court of Summers County by the petitioner herein, as late as March, 1937; and that the purported probate of the said paper as a will by the county court of Cabell County was improper, and not a basis for the admission of a certified copy thereof in Summers County.

It will be observed that the question of which of the two papers admitted to probate as wills—one in Summers County and the other in Cabell County—is the true will of the testatrix, is not before the court, nor can that question be considered in a proceeding of this char-

acter. The statute provides the methods by which that question may be determined. Code, 41-5-11. The only question is whether or not, the county court of Cabell County having admitted to probate one of the alleged wills, and the same purporting to devise real estate in Summers County, the claimant thereunder is entitled to have a certified copy thereof admitted to record in that county.

Code, 41-5-18, would seem to settle the question. It is therein provided, in effect, that a duly certified copy of a domestic will, when admitted to probate, may be recorded in any other county of the state wherein there is any real estate devised thereby, and it is made the duty of a personal representative to record such will in each such county. As stated by the Code Revisers, the purpose of the statute is to make the record of the county show the chain of title to real estate passing under the will. The purpose, as stated, is commendable, the statute is clear, and no discretion appears to have been vested in the clerk as to his duty in the premises. Under the statute, he cannot say that a duly certified copy of a paper, such as a will probated in another county and which the statute says may be recorded in other counties, shall not be recorded. It is not for him to pass upon the legality of the probate of the paper in question by the county court of Cabell County. The decision on that point involves the domicile of the testatrix and possibly other questions. The courts are open for a test of those questions. It was the duty of the clerk to follow the plain provisions of the statute, admit the paper to record, and leave to interested parties the settling of the effect of the probate, as wills, in the courts of different counties, of the two papers set out in the record.

The writ prayed for will be awarded.

*Writ awarded.*